RAYMOND MEYER AND ANOTHER v. CHARLES BUSHMA, d.b.a. GREENLAND SUPPER CLUB.

202 N. W. 2d 871.

December 1, 1972—No. 43461.

*Dressel & Greising* and *Robert M. Greising,* for appellants.

*Fitzgerald & Fitzgerald, Patrick W. Fitzgerald,* and *William A. Crandall,* for respondent.

Heard before Knutson, C. J., and Otis, Peterson, and Kelly, JJ.

PER CURIAM.

Plaintiff Gloria Meyer, in company with her husband, plaintiff Raymond Meyer, went to the Greenland Supper Club, owned and operated by defendant Charles Bushma, for dinner on December 6, 1969. This appeal arises out of an action for personal injuries sustained by Mrs. Meyer (hereafter plaintiff) in a fall on the exterior premises of defendant's club.

The Meyer automobile was parked about 50 feet[1] from the entrance,

---

[1] The record is not clear as to the actual distance. Plaintiff estimated the distance at about 100 feet, but defendant fixed the distance as approximately 50 feet.

although parking space was available within 20 feet of the entrance. A recent snow had covered the ground, but plaintiff admitted that she knew it was icy underneath. Her husband, walking ahead of her some distance, had called back to her that the footing was slippery. After walking to a point about 10 feet from the entrance, plaintiff slipped and fell.

The jury by special verdict found: (a) That defendant was 60 percent negligent and that plaintiff was 40 percent negligent, and (b) that plaintiff assumed the risk of injury in walking on the snow-covered icy ground. Plaintiff, in appealing from denial of a motion for judgment n. o. v. or for a new trial, does not challenge the finding as to her negligence, limiting her challenge only to the finding that she assumed the risk and the conclusion that assumption of risk was an absolute defense to liability.[2]

The evidence of defendant's negligence and plaintiff's negligence is not impressive, but neither challenges those findings. We think, in any event, that the evidence of plaintiff's alleged assumption of risk was not sufficient for submission to the jury. She fell within 10 feet of the entrance, a result having little or no relationship to the distance at which the Meyer automobile was parked from the entrance or the manner in which she walked. Her knowledge that the ground was icy was learned while walking the several feet from that parking place to the place where she fell, but the risk in thereafter retracing her steps was obviously no less great than walking forward the few remaining feet to the entrance. The record reveals no safer alternative route to the club entrance to which plaintiff had been invited by defendant.

We accordingly reverse and remand with directions to enter judgment for both plaintiffs.

Reversed and remanded.

---

[2] This appeal is not governed by our decision in Springrose v. Willmore, 292 Minn. 23, 192 N. W. 2d 826 (1971), abolishing secondary assumption of risk as an absolute defense, that decision not being retrospective.